RUSSELL BRUSIE, Respondent, *v.* PECK BROTHERS & COMPANY,
Appellant.

Plaintiff's complaint alleged in substance, among other things, that he was the owner of letters patent, securing to him the exclusive right to manufacture and sell a certain machine; that he granted to defendants the right to manufacture and sell the patented machine, the latter to pay a specified royalty; that defendants, for the fraudulent purpose of competing with and underselling the plaintiff, manufactured a machine resembling the plaintiff's, but of less value. The relief asked was an injunction, an annulment of the license, damages, etc. On the trial, plaintiff abandoning the grounds set out in the complaint, proceeded as for a recovery of royalties on the machines sold. Defendants offered in evidence the letters patent; these were objected to and excluded. *Held,* error; that they were competent upon the question as to whether defendants were manufacturing and selling the machine invented by plaintiff.

Defendants did not plead a rescission of the contract with plaintiff, but were permitted to give in evidence a letter from plaintiff alleging a failure on the part of defendants to perform the contract, and stating that he considered that they "have forfeited their right under it," that he should no longer "consider himself bound by it," and that he

would hold them responsible for any damage that may occur to him from their further manufacturing the patented machine; also evidence that soon after receipt of the letter defendants returned to plaintiff the patterns, and that they ceased manufacturing said machines after receipt of the letter. The court charged the jury that they were not to consider the question of rescission, and refused to charge that if the parties mutually agreed to rescind, plaintiff could only recover royalties up to the date of rescission. *Held*, error.

(Argued June 14, 1892; decided October 11, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made December 14, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This was an action upon a contract.

The following is the opinion in full:

" The plaintiff was the owner of letters patent of the United States, securing to him the exclusive right to make, use and sell a lawn sprinkler, and, by an agreement in writing with him, the defendant acquired the sole right to manufacture and sell the patented machine. The contract called for the performance of certain acts on defendant's part, and the payment of a certain royalty. In the following year disputes occurred between the parties, and this action followed.

" The complaint set up the making of the contract, and alleged a violation by defendants of their contractual obligations in certain respects stated, and the fraudulent practice of competing with and underselling the plaintiff upon the market by a machine resembling the plaintiff's, but inferior and of less value. The relief prayed for was an injunction, the annulment of the contract, damages and an account of sales. The answer admitted the contract, denied performance by plaintiff, averred a faithful compliance on the defendant's part, denied the alleged breaches and fraudulent practices, set up the difficulty of selling plaintiff's machines by reason of the excessive price fixed for their sale, and alleged that to supply the demand at a less price they did make and sell a sprinkler of their own which did not infringe upon the plaintiff's. When the parties came to trial, a number of years

after the issues were joined, the plaintiff, after putting in the contract and endeavoring to prove by the evidence of one of the defendants and of two expert witnesses that certain machines made by the defendants were actually the same in operation and result as the plaintiff's, rested, the concession being made as to the amount of royalties due, if any were due. The defendants, on their side, offered the plaintiff's letters patent in evidence, but they were not admitted. The rest of their case consisted in evidence tending to show a mutual abandonment of the contract in the year following its making, and in the evidence of witnesses to show . characteristic differences in the two machines ; sundry attempts to prove that the principle of plaintiff's machine was long previously known, or what the plaintiff's patent covered, having failed under the judge's rulings.

" The plaintiff, in rebuttal, endeavored to prove the differences in the machines. The trial judge submitted to the jury this one question : ' Do each of the three lawn sprinklers, exhibits B, C and D, substantially embody the same device or idea and accomplish practically the same results by means of the same mechanical principles ? '

" The looseness with which this action was tried out and the disregard by the parties of the particular issues tendered by the pleadings would dispose us to let the judgment stand as a final settlement between these litigants if it were possible. But two errors, which are pointed out by the appellants, were sufficiently grave to require us to order a new trial. The plaintiff, abandoning the grounds set out in his complaint, proceeded as for a recovery of royalties upon the lawn sprinklers which the defendants had made and sold. When the defendants offered in evidence the letters patent issued to the plaintiff they should have been received. Their exclusion presents the first of the two serious errors committed in the trial. The plaintiff's objection was upon the ground of their immateriality, but they were very material in aid of a proper understanding as to what the patent covered and the contract called for. If the defendants were liable for royalties it was because they were manufacturing and selling the particular machine which was invented and owned by the plaintiff, and

as to which the contract spoke into which they had entered. The letters patent were receivable in evidence to aid in the construction of the claim which was set up against the defendant. Upon no conceivable ground could they be properly excluded upon the issue tried, and it is not easy to perceive how their introduction could prejudice any legal right of the plaintiff. The very question presented to the jury, if we should concede its propriety in such an action, would require the presence in the evidence of the patent record and its construction by the court for the understanding by the jury of the rights and obligations of the parties under the contract.

" The appellants excepted to that part of the charge which instructed the jury that they were not to consider the question of the rescinding of the contracts. The trial judge assigned as a reason that there was no evidence upon that point. He also refused to charge that if the parties mutually agreed to rescind the contract, in April, 1874, that nothing can be recovered except royalties on the Brusie machine up to that date. In these rulings the trial judge greatly erred. It is true the answer did not plead rescission as a defense, but in the way the cause was tried and the precise issues mutually disregarded, we must hold that upon the issue as tried the defendants were entitled to have the jury pass upon the question of whether there had, or had not, been a mutual agreement to rescind, upon the evidence of the acts and conduct of the parties. This evidence consisted in a letter written by plaintiff in April, 1874, a few months after the contract, in which upon the ground therein stated of a failure by the defendants to perform the terms of the contract, the plaintiff said he considered that they ' have forfeited their right under it;' that he shall no longer ' consider himself bound by it,' and 'shall hold them responsible for any damage that may occur to him by the further manufacture or sale of the lawn sprinkler by them.' No answer was made to this, apparently, but the patterns were, a few days thereafter, returned to plaintiff upon his insistance and the defendants' treasurer testified that they ' ceased manufacturing the machines known as the Brusie machines after receiving his notice,' and, again, that ' it was not till we had received written notice that we ceased

manufacturing.' If the jury believed, upon this evidence, that the defendants had ceased to continue under the contract and that there had been a mutual rescission of the contract, the right of recovery under this action would have been limited to that time. For any violation of the plaintiff's patent rights, such as could be claimed after the contract had ceased to exist, the plaintiff's remedy was by another action and in another forum. While the plaintiff was resting upon his contract and claiming a liability in the defendants to make payments by force of its terms, it certainly was competent for the defendants to show that the contract had been mutually rescinded. Indeed, the plaintiff's counsel seems to have thought so, for he made no objection to the evidence offered on that point.

"For the errors mentioned, the judgment below should be reversed, and a new trial ordered, with costs to abide the event."

*Robert Sewell* for appellant.

*D. J. Dean* for respondent.

*Per Curiam* opinion for reversal.
All concur.
Judgment reversed.